**UNITED STATES of America,
Appellee,**

v.

**Joseph CURCIO and George Baker,
Defendants-Appellants.**

**No. 309, Docket 26050.**

United States Court of Appeals
Second Circuit.

Argued May 10, 1960.

Decided June 7, 1960.

Solomon A. Klein, Brooklyn, N. Y., for defendants-appellants.

Stephen E. Kaufman, Asst. U. S. Atty., S.D.N.Y., New York City (S. Hazard Gillespie, Jr., U. S. Atty., and David R. Hyde, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, MOORE, and FRIENDLY, Circuit Judges.

CLARK, Circuit Judge.

■■ The defendants are officials of a labor union, the income tax liability of whose president, John Dioguardi, was under investigation by the government, and this prosecution grew out of the disappearance of union books and records desired for examination in these investigations. Defendants are appealing their conviction of conspiring to obstruct justice in violation of 18 U.S.C. § 1503 and of making false statements in a matter within the jurisdiction of the Internal Revenue Service in violation of 18 U.S.C. § 1001. These false statements were to the effect that the union books and records were stolen from the union offices in 1954, although an attempted robbery had in fact left them untouched. The conspiracy charge involved the final disappearance of this and other evidence in 1956, after defendants had been subpoenaed to produce it. Their claim was (although they did not personally take the stand) that it had been stolen from Baker's car parked on the street overnight after they had assembled it for production before a grand jury, and that the left front windbreak panel window of his car had been broken, leaving a three-inch hole. This hole, however, was so small that a tool or device would have been necessary to open the door. In addition to these incriminating facts, the government at the trial produced other evidence of attempts to conceal, and false statements as to the missing records, all pointing to the guilt of the accused and as a whole constituting an adequate basis for the jury's verdict of conviction. United States v. Manton, 2 Cir., 107 F.2d 834, 839, certiorari denied Manton v. United States, 309 U.S. 664, 60 S.Ct. 590, 84 L. Ed. 1012. Hence the case was properly left to the jury. Further, the judge committed no error in instructing the jurors in the language of Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528, on the desirability of seeking agreement when they reported disagreement and asked for further instructions. Dwyer v. United States, 2 Cir., 17 F.2d 696, certiorari denied 274 U.S. 756, 47 S. Ct. 767, 71 L.Ed. 1336; United States v. Samuel Dunkel & Co., 2 Cir., 173 F.2d 506, 509.

■■ The only matter which gives us pause is the trial judge's persistent examination of witnesses and his interference in the conduct of the case to an extent greater than seems desirable to assure the wholly impartial administration of justice. It is one of the glories of federal criminal law administration that a district judge is more than a moderator or umpire and has an active responsibility to see that a criminal trial is fairly conducted. Hence he will often have a duty to participate actively to that end; but he must not interfere for a merely partisan purpose or permit even the appearance of such an interference. Nor should he take the course of the trial out of the hands of competent attorneys, nor show by any interjected remarks his own view of the evidence. There were occasions here where the judge came close to error, and we are constrained to say that it would have been the part of wisdom for him to have refrained from such active participation. Yet he constantly admonished the jury of their final responsibility and did this again explicitly in the course of a fair charge. Under all the circumstances we do not think the accused were deprived of a fair trial. United States v. De Fillo, 2 Cir., 257 F.2d 835, 839, certiorari denied 359 U.S. 915, 79 S.Ct. 591, 3 L.Ed.2d 577; United States v. Brandt, 2 Cir., 196 F.2d 653, 655.

Affirmed.