**UNITED STATES of America,**
Appellee,

v.

**Francis J. DE SISTO, Defendant-Appellant.**

**No. 301, Docket 26348.**

United States Court of Appeals
Second Circuit.

Argued March 21, 1961.

Decided May 11, 1961.

Jerome Lewis, Brooklyn, N. Y., for defendant-appellant.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Joan T. Harnes, Asst. U. S. Atty., Judith A. Gelb, Confidential Asst. to U. S. Atty., Brooklyn, N. Y. on the brief), for appellee.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Defendant DeSisto, Frank LoCicero and Joseph Saponaro were indicted for violation of 18 U.S.C. §§ 1951 and 2 by the hijacking of a truckload of silk piece goods shipped from Japan, while the silk goods were en route from a Brooklyn dock to consignees in New York. Saponaro was also indicted for possessing the stolen goods, 18 U.S.C. §§ 659 and 2. Count One, obstruction of commerce, was dismissed as to Saponaro before trial. DeSisto and LoCicero were tried to the jury on Count One, Saponaro on Count Two. The court directed a verdict for Saponaro on Count Two, the jury acquitted LoCicero and convicted DeSisto on Count One.

Fine, driver of the hijacked truck, testified that in Brooklyn on September 1, 1959 a car blocked his way, a man identified by Fine as DeSisto came from the car to the truck, threatened Fine and ordered him out, that another man, identified by Fine as LoCicero, with a handkerchief to his face, marched Fine to the car, placed taped glasses on Fine and accompanied him while a third man, not identified, drove to a secluded spot where Fine was handcuffed to a tree. Fine's truck was found later abandoned, empty. The stolen silk was found some days later in a rented Clesto truck in a rented garage. The Clesto truck had been rented

on September 1 by DeSisto, as he later claimed, for a friend, not produced, named Joe Storch who desired to move furniture with it.

DeSisto's defense was an alibi, which placed him in a restaurant eating and making a phone call to the Clesto garage during the time the proof, according to his view of the evidence, showed the holdup to have taken place.

■ The principal grounds on which DeSisto seeks reversal are rulings denying production or introduction of claimed statements of witnesses and excessive participation of the trial judge in the trial. The record on the first point is somewhat confused. Fine had testified that he had seen and adopted a longhand statement prepared by an agent of the F. B. I. After the agent, Miller, had testified that Fine had not adopted any such statement, that no such statement existed and that the agent's notes had been destroyed but that their substance was contained in a typewritten paper, Exhibit H for Identification, Fine retracted his earlier testimony that there had been an adopted statement. De-Sisto's counsel unsuccessfully sought to introduce H for Identification under the Jencks statute, 18 U.S.C. § 3500, to show a 3 p. m. time of departure of Fine from the dock. It cannot be said that H for Identification had been clearly established to be a statement of Fine, admissible within Section 3500. It may be that in view of Fine's original testimony, the court should have found H to be competent secondary evidence of a statement adopted by Fine. If its exclusion was error, however, it was not prejudicial, since Fine was asked on cross examination by appellant's attorney, who had been furnished H for Identification, what time of departure he had told Agent Miller, and Fine testified that he had told Miller about 3 p. m. Nor is there any showing that the destruction of agents' notes effected a circumvention of Section 3500. Compare United States v. Thomas, 2 Cir., 1960, 282 F.2d 191. We find no reversible error in the rulings on the statements or notes.

■ During the course of the cross examination on the statement, when defense counsel said in effect that "about 3" does not mean 2:45, the court remarked, "Doesn't it?" and in the charge emphasized the judge's recollection that the times testified to were approximations. Of itself perhaps this would not be prejudicial. Taken together with other instances complained of, as part of the whole, however, it leaves us with the definite impression from the entire record of too great an injection of the trial judge into the conduct of the trial. It does not appear that government or defense counsel was lacking in competence, yet the judge at times took charge of the questioning of witnesses from the outset of their testimony. See, for example, the testimony of the witness Hough for the defense, R. pp. 1490–1571. The same pattern is apparent in the examination of the defendant DeSisto himself. R. pp. 1370–1490, 1573–1577, 1628–1656.

■ A trial judge in criminal, as in civil cases, may, indeed must, be more than a mere moderator or umpire in a contest between two parties in an arena before him. He should take part where necessary to clarify testimony and assist the jury in understanding the evidence and its task of weighing it in the resolution of issues of fact. United States v. Curcio, 2 Cir., 279 F.2d 681; Knapp v. Kinsey, 6 Cir., 232 F.2d 458, 465. He must not, however, usurp the functions either of the jury or of the representatives of the parties and must take care not to give the jury an impression of partisanship on either side. United States v. Curcio, supra, 279 F.2d at page 685; United States v. Brandt, 2 Cir., 196 F.2d 653. Counsel on this appeal make much of the number and percentage of questions asked by the judge in this trial. (Prosecutor's questions of all witnesses 1381, all defense counsel 3330, Court 3115. Prosecutor's questions of defendant DeSisto 347, defense counsel 201, Court 306.) It is indeed an impressive proportion, but no such mathematical computation is of itself determinative. However, taking all this in conjunction

with the long and vigorous examination of the defendant himself by the judge, and the repeated belittling by the judge of defendant's efforts to establish the time that Fine left the pier, we fear that in its zeal for arriving at the facts the court here conveyed to the jury too strong an impression of the court's belief in the defendant's probable guilt to permit the jury freely to perform its own function of independent determination of the facts. United States v. Brandt, supra, 196 F.2d at page 656. We do not feel that it was possible to remove the impression by the instructions given in the charge. We are constrained therefore to reverse the conviction of DeSisto and remand for a new trial.