Robert CUNNINGHAM, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17182.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1962.

Decided Nov. 21, 1962.

Wilbur K. Miller, J., dissented.

Mr. Martin F. O'Donoghue, Jr., Washington, D. C., for appellant. Mr. Martin F. O'Donoghue, Sr., Washington, D. C. (appointed by this court) was on the brief for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Donald S. Smith, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and WILBUR K. MILLER and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant and his co-defendant, Flurry, were convicted of housebreaking, 22 D.C.Code § 1801, primarily on the testimony of two policemen. Appellant, taking the stand in his own behalf, admitted being in the vicinity of the store concerned in the charge at 3:00 o'clock in the morning, but denied that either he or his companion, Flurry, had entered it.

While Flurry was on the witness stand, the following colloquy occurred in the presence of the jury:

"The Court: How is it or why is it that you and Cunningham were out on the streets at three o'clock in the morning?

"Defendant Flurry: Well, Your Honor, I was going to see Vernon Nelson.

"The Court: At three o'clock in the morning?

"Defendant Flurry: Well sir, he gets off from work at—

"The Court: Well, you could see him before he goes to work, couldn't you?

"Defendant Flurry: Yes, sir.

"The Court: You ought to have been in bed. Honest people are in bed at three o'clock in the morning."

Subsequently, counsel for the defendants objected to the remark of the court and requested that he withdraw it. The request was summarily denied. At that time the following colloquy between counsel for the defense, the trial judge and the prosecutor transpired out of the presence of the jury:

"Mr. Burke: Your Honor, with humble apologies to Your Honor, but Your Honor made the statement, while Mr. Flurry was on the stand, that honest people are in bed at this hour.

"The Court: I did.

"Mr. Burke: And I wonder if Your Honor will ask the jury to disregard that.

"The Court: No, I never ask the jury to disregard my statements.

"Mr. Burke: Wouldn't that be prejudicial against this witness? Wouldn't that be prejudicial against this witness?

"The Court: The circumstance is prejudicial, not my statement.

"Mr. Smith [Prosecutor]: I'm sorry. I didn't hear His Honor say honest—

"The Court: I said that honest people are in bed at three o'clock in the morning. I said that.

"Mr. Smith: I didn't hear that, Your Honor.

"Mr. Burke: Well, Your Honor, just to protect myself, I move at this time for a mistrial."

The Government, in an apparent effort to salvage its case, asked the court to charge the jury as follows:

"Now, if perchance, during the course of this trial, the court made any statement about the case or the testimony of any witness, you are not to regard this statement as an expression by the court of the guilt or innocence of either defendant. Nor are you to regard such a statement as an expression by the court as to the credibility of any witness."

This request was summarily denied during the following colloquy:

"Mr. Smith [Prosecutor]: Your Honor, I wonder if I could submit a requested instruction which I have served.

"The Court: Yes, you may do so. Have you given a copy to the other side?

"Mr. Smith: Yes, Your Honor, to both attorneys.

"(Brief Pause)

"The Court: No, I am going to deny that because the court has a right to express its opinion as to guilt or innocence.

"Mr. Smith: I wondered if Your Honor would charge the jury that this is not binding upon them.

"The Court: I always do that. I appreciate the care that you have taken in preparing this, but it is really unnecessary labor."

Included in the trial court's charge to the jury was the following instruction, to which appellant took timely exception:

"Now, at this point I want to say that if you accept the testimony of the officers—and there is no reason why you should not, they appeared to me to be perfectly disinterested; but it is for you to say, of course— the officers' testimony is sufficient, if you accept it, to constitute, without anything further, proof beyond a reasonable doubt of the defendants' guilt."

Under the familiar principles announced in Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); Horning v. District of Columbia, 254 U.S. 135, 41 S.Ct. 53, 65 L.Ed. 185 (1920); United States v. DeSisto, 2 Cir., 289 F.2d 833 (1961); Blunt v. United States, 100 U.S.App.D.C. 266, 244 F.2d 355 (1959); and Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394 (1950), we think the appellant should have a new trial.

Reversed and remanded.

WILBUR K. MILLER, Circuit Judge (dissenting).

My view is that the quoted remarks of the trial judge did not prejudice the appellant. The evidence of his guilt was so strong and convincing that I think the jury inevitably would have found him guilty, even if the statements complained of had not been made. I would affirm.