UNITED STATES of America,
Appellee,

v.

Walter V. TYMINSKI, Appellant,

No. 150, Docket 32715.

United States Court of Appeals
Second Circuit.

Argued Oct. 15, 1969.

Decided Nov. 24, 1969.

Louis R. Rosenthal, Asst. U. S. Atty. (Vincent T. McCarthy, U. S. Atty., for the Eastern District of New York, of counsel), for appellee.

Henry Mark Holzer, New York City, for appellant.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

In March 1963, the Belock Instrument Corporation, an electronics company located on Long Island in New York, was awarded an Air Force radar contract designated the APN/59. Sometime thereafter it became apparent to officials of the company that Belock would incur a substantial loss on the APN/59,

a fixed price contract, and between approximately March 1964 and March 1965, costs attributable to the APN/59 were fraudulently transferred to other government contracts, some of which were cost-plus contracts. Appellant Walter J. Tyminski, who was president of Belock and a member of its board of directors during this period, was indicted for participating in this scheme. After a jury trial in the United States District Court for the Eastern District of New York, Tyminski was found guilty on twenty-five counts of presenting false claims to the Government in violation of 18 U.S.C. § 287 (1964) and on one count of conspiracy to present false claims to the Government in violation of 18 U.S.C. § 371 (1964). Judgment was entered on the jury's verdict, and appellant was sentenced to one year on each count, to run concurrently. Sentence was suspended, and appellant was placed on probation for two years. In addition, appellant was fined a total of $7,500.

On appeal, appellant contends that his conviction should be reversed on the ground that the trial judge erred in refusing to direct a verdict of acquittal. He also claims that the trial judge erred in allowing a co-conspirator to testify as to a conversation with a co-defendant and another co-conspirator without a limiting instruction that the testimony was not binding on appellant. Appellant urges as additional grounds for reversal that the trial judge improperly interfered with the examination of witnesses and charged the jury in a manner which was prejudicial to appellant.

We find no merit in appellant's claims of error, and accordingly we affirm the judgment of conviction.

■ There was sufficient evidence to send the issue of appellant's complicity in the conspiracy to the jury. The testimony of Joseph T. Maglione, a co-conspirator, provided the strongest evidence of Tyminski's participation in the conspiracy. Maglione testified as to two meetings with Tyminski and Jacob Silverstein, Belock's vice-president, in

March and June of 1964. At these meetings arrangements were made for the fraudulent alteration of IBM job cards to effect the transfer of selected costs out of the APN/59 contract. Since Tyminski was acquitted on the substantive counts referring to March and April 1964 it is suggested that the testimony as to this period is irrelevant. However, in spite of the acquittal, the evidence is relevant to the conspiracy count on which Tyminski was found guilty. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); United States v. Carbone, 378 F.2d 420 (2d Cir.), cert. denied, 389 U.S. 914, 88 S.Ct. 242, 19 L.Ed.2d 262 (1967).

■ Appellant urges us to hold that the uncorroborated testimony of a co-conspirator is insufficient to support a judgment of conviction. We are not inclined, however, to disturb the well-established federal rule to the contrary. United States v. Corallo, 413 F.2d 1306, 1323 (2d Cir. 1969); United States v. Kelly, 349 F.2d 720, 767 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966); United States v. Reina, 242 F.2d 302, 307 (2d Cir. 1957). Moreover, the trial judge cautioned the jury to scrutinize the testimony carefully. See United States v. Agueci, 310 F. 2d 817, 833 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963).

In addition to Maglione's testimony, there was the testimony of Jacob Silverstein, who testified that when he told Tyminski in March 1964 that Maglione was altering job cards, Tyminski retorted "So what?," asserting that other defense contractors did much the same thing. Silverstein further testified that in April 1965 Tyminski asked him whether investigators would be able to detect the fraudulent cards. Silverstein replied that they most certainly would, adding that he personally would not tolerate any more card changes. Tyminski replied, "You are right, Jack. We won't make any more card movements, at least for the time being."

Tyminski himself testified to discontinuing the foreman's reports, removing from circulation the graph on the APN/59 contract and discontinuing and ordering destroyed an efficiency report system devised by the operations staff, all of which would have disclosed the loss on the APN/59 contract.

██ Considering the above testimony and other testimony scattered throughout the record, we are convinced that there was sufficient evidence to convict Tyminski of conspiring to defraud the government. Agreement to conspire may be proved by inference from acts showing a unity of purpose or a common understanding. United States v. Borelli, 336 F.2d 376, 384 (2d Cir. 1964).

> "No formal agreement is necessary to constitute an unlawful conspiracy. Often crimes are a matter of inference deduced from the acts of the person accused and done in pursuance of a criminal purpose." American Tobacco Co. v. United States, 328 U.S. 781, 809, 66 S.Ct. 1125, 1139, 90 L.Ed. 1575 (1946).

Accord: United States v. Zuideveld, 316 F.2d 873, 878 (7th Cir. 1963), cert. denied, 376 U.S. 916, 84 S.Ct. 671, 11 L.Ed.2d 612 (1964). On the record the jury was warranted in finding that Tyminski knew of the conspiracy, associated himself with its aims and indeed actively promoted the venture himself.

██ Some time after the Government had rested, it successfully moved to reopen its case and placed co-conspirator Stanley Paul Michna on the witness stand. Michna testified about a conversation he had in October 1964 with Levy and another co-conspirator, at which time he was instructed not to give out any information on hours expended or dollars involved in any contract program until certain changes were made. Appellant charges that the trial judge erred in refusing to instruct the jury that Michna's testimony was not binding on appellant. But Michna's testimony was not hearsay since it was not presented in order to establish the truth of the contents of the conversation. The conversation was presented as an act or episode in the furtherance of the conspiracy. It was presented to prove the nature and extent of the conspiracy to which Tyminski had become a party. Since Tyminski's participation in the conspiracy had already been proved and since the conversation took place during the course of the conspiracy and was in furtherance of its purposes, it was properly admissible against Tyminski. United States v. Pugliese, 153 F.2d 497, 500 (2d Cir. 1945); United States v. Goodman, 129 F.2d 1009, 1013 (2d Cir. 1942); Van Riper v. United States, 13 F.2d 961, 967 (2d Cir. 1926).

 Appellant also alleges that the trial judge committed prejudicial error by improperly interfering with the examination of witnesses. While a trial judge must be careful to avoid giving the jury an impression that he is partisan, he should take an active part when necessary to clarify testimony and assist the jury in understanding the evidence. Although the trial judge took over the examination of witnesses more often than was perhaps necessary, he did so in order to aid the jury in comprehending what he felt was complicated testimony, mostly when the subject was accounting procedures. We cannot say that his interference was so extensive as to deny appellant a fair trial in an adversarial setting. United States v. Curcio, 279 F.2d 681, 682 (2d Cir.), cert. denied, 364 U.S. 824, 81 S.Ct. 59, 5 L.Ed.2d 52 (1960).

██ Finally we find that the trial judge committed no prejudicial error in his charge to the jury. There is nothing to indicate, as is contended, that appellant was prejudiced by the trial judge's decision to "summarize" the evidence after previously indicating to counsel that he would not marshal the facts. And while the charge was prolix, it was not inaccurate, especially after several requested clarifications and corrections were made.

Affirmed.