**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Oscar TONEY, Jr., et al., Defendants-Appellants.**

No. 74–1281.

United States Court of Appeals, Sixth Circuit.

Submitted March 10, 1975.

Decided Dec. 16, 1975.

F. Randall Karfonta, William J. Richards, Detroit, Mich., for defendants-appellants.

Ralph B. Guy, Jr., U. S. Atty., Peter J. Kelley, Detroit, Mich., Henry E. Petersen, Asst. Atty. Gen., Crim. Div., Dept. of Justice, Lee J. Radek, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before CELEBREZZE and McCREE, Circuit Judges and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by appellants Oscar Toney, Ira Kiner, Samuel Pruett and Rosedell Kiner from judgments of conviction in the United States District Court for the Eastern District of Michigan, Southern Division, on various counts of a ten count indictment. These appellants and others were charged in certain counts of the indictment with violation of Section 186(b)(1), Title 29, U.S.C. and Section 2, Title 18, U.S.C. Appellants Samuel Pruett, Ira Kiner, Rosedell Kiner, Oscar Toney and other representatives of Local 124, United Construction and Trades International Union, were charged in Count one with conspiracy to violate Section 186(b)(1) U.S.C., Title 29 and Section 371, Title 18, U.S.C. Local 124 was indicted as a principal defendant under all counts of the indictment.

The statute in question, Section 186(b)(1), Title 29, U.S.C. provides,

"[That] it shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a) of this section."

Subsection (a) provides that it shall be unlawful

"for any employer or association of employers * * * to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value * * * to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce * * * "

A violation of the statute occurs when a person: (1) requests, demands, receives or accepts a thing of value, (2) from an employer, (3) to any labor organization, its officers, or employees, which represents, seeks to represent, or would admit to membership, any of the employees of such employer, (4) who are engaged in an industry affecting commerce. It was stipulated by the parties that the employers involved herein were engaged in an industry affecting commerce.

The appellants were tried under the indictment to the Court without a jury. In proceedings preliminary to the trial counts eight and nine were dismissed and the Union, Local 124, was dismissed,

upon motion of the government. Findings of guilt of appellants were made in counts one to seven and ten as will be hereinafter discussed.

■ Specifically, counsel for appellants, in his supplemental brief, challenges the sufficiency of the indictment. This question was not raised by motion either before or at the trial and the sufficiency of the indictment cannot now be questioned unless it wholly fails to state an offense and does not apprise the appellants of the offenses with which they are charged.

"An indictment will be construed liberally in favor of its sufficiency where objection to it is first made after verdict or judgment."

*United States v. Norman,* 6 Cir., 391 F.2d 212, 213. See also *Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861.

■ We consider that the indictment advises the appellants of the charges made against them with sufficient definiteness to enable them to prepare their defense. It is alleged in paragraph 11 of the indictment that Local 124,

"represented, sought to represent and would have admitted to membership the employees of the aforesaid employers named in paragraphs 1 through 10 of this count."

Counsel for the Government made a similar statement in his opening statement. We find no merit to this claim.

The trial judge decided the case and announced his findings of guilt from the Bench without opinion. Upon remand by this Court a memorandum opinion and a finding of facts were submitted which are now before us on this review.

Appellants Sam Pruett and Ira Kiner were found guilty as charged in Count two. This count charges Pruett and Kiner with aiding and abetting Local 124, United Construction and Trades International Union, a labor organization which

"represented, sought to represent and would have admitted to membership the employees of the aforesaid employ-

ers" (Phillip Aisner, Phillip Aisner Electric Company, William Foster, Foster Construction Company) (Par. 11, Count one of indictment)

with violating Section 186(b)(1), Title 29 and Section 2, Title 18, U.S.C. by unlawfully, willfully and knowingly requesting, demanding, receiving and accepting and agreeing to receive and accept money from said employers in the amount of seven hundred fifty dollars.

■ There is substantial evidence to support the finding of facts of the trial judge on Count two. We agree with his factual conclusion:

"Defendant Pruett requested, and both Pruett and defendant Ira Kiner received and accepted payment from Foster on behalf of Local 124, a labor organization which sought to represent or would admit to membership the employees of Eisner."

Similarly, Count three charges that Calvin Stubbs and Sam Pruett aided and abetted Local 124 in violating the sections of the statutes in question by receiving and accepting and agreeing to receive and accept money from Ramled-Smokler, Inc. The finding of facts and factual conclusion of the trial judge are substantially supported by the evidence and we agree with his conclusion that Sam Pruett is guilty on Count three. Calvin Stubbs did not appeal and his conviction is not before us.

In Count four Sam Pruett and Oscar Toney were found guilty of aiding and abetting Local 124 in violating the sections of the statutes in question by demanding and receiving and accepting and agreeing to receive and accept money from William J. Fischer and Fischer Roofing Company. The trial judge made no finding of facts with reference to the conviction of Oscar Toney on the theory that he was deceased and the question was moot as to him. We will hereinafter consider this conviction. The finding of facts are amply supported by the evidence as to the conviction of Sam Pruett.

Ira Kiner was found guilty in Count five of aiding and abetting Local 124 in violating the statutes by requesting, receiving and accepting and agreeing to receive and accept money from William Williams and the G. U. I. Construction Company. This conviction too, in accordance with the finding of facts of the trial judge, is substantially supported by the evidence.

Likewise Ira Kiner was found guilty of the charge in Count six by requesting, receiving and accepting, and agreeing to receive and accept money from Albert Smith and the Guarantee Plumbing Company. We agree with the finding of facts of the trial judge that the evidence supports the conviction.

In Count seven Ira Kiner and Ralph Jones were charged with aiding and abetting Local 124 in violating the statutes by requesting, receiving and accepting, and agreeing to accept and receive money from Wallace Gugler and Richwall Tile Company. Ralph Jones was found not guilty and we find that the finding of facts as to the guilt of Ira Kiner is supported by the evidence.

Counts eight and nine were dismissed as hereinbefore stated.

Count ten is similar to the previous counts of the indictment in that it charges Rosedell Kiner, Sam Pruett and Ralph Jones with aiding and abetting Local 124 in violating the statutes herein involved by requesting, receiving, and accepting and agreeing to receive and accept money from the Ohio Plate Glass Company. Rosedell Kiner and Sam Pruett were found guilty and Ralph Jones was found not guilty. We agree with the trial judge's factual conclusion.

"Defendants Samuel Pruett and Rosedell Kiner, representing Local 124, requested money from Ohio Plate Glass Inc., an employer, on behalf of Local 124, a labor organization which sought to represent Ohio Plate Glass employees."

This factual finding is substantially supported by the evidence.

Count one of the indictment charges that Local 124, United Construction and Trades International Union, the Labor Union involved herein, together with the individuals named as defendants in Counts two to ten, and as officers of said Union entered into a conspiracy to violate Section 186(b)(1), Title 29, United States Code and Section 2, Title 18, United States Code. It is alleged that the parties herein conspired and agreed together and with each other to commit offenses against the United States.

It was the purpose of the conspiracy

"to cause Local 124 to request, demand, receive and accept and to agree to receive and accept payments, loans, and delivery of money and other things of value"

from the employers named in the succeeding counts, in violation of the statutes above stated.

The conspiracy was accomplished by the defendants either singly or in combination of two or more of said defendants requesting, demanding, receiving and accepting and agreeing to receive and accept payments, loans, etc., according to the transactions which constitute the alleged offenses in Counts one through seven and ten.

The trial judge announced from the bench the guilt of Calvin Stubbs, Sam Pruett, Ira Kiner, Oscar Toney and Rosedell Kiner. He found Ralph Jones not guilty.

In his factual conclusion he found

"Defendants Pruett, Ira Kiner and Rosedell Kiner, as manifested by the foregoing and by the evidence embodied in the findings under the substantive counts, combined, conspired, and participated in a concert of action as representatives of Local 124 to request and receive money from employees on behalf of the Local 124 in violation of 29 U.S.C., Section 186(b)(1) and 18 U.S.C. Section 371."

Calvin Stubbs is not included in this factual summary but he did not appeal and his case is not before us on the review of this count. The judge considered the case moot as to Oscar Toney because of his death and he was not included in the findings of fact.

"The accepted definition of a conspiracy is, a combination of two or more persons by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means."

*Duplex v. Deering,* 254 U.S. 443, 465, 41 S.Ct. 172, 176, 65 L.Ed. 349.

■ While the gist of a conspiracy is an agreement to do an act, it is not necessary that there be a formal agreement. *American Tobacco Co. v. United States,* 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575.

"Agreement to conspire may be proved by inference from acts showing a unity of purpose or a common understanding."

*United States v. Tyminski,* 418 F.2d 1060, 1062 (C.A. 2). See also *United States v. Borelli,* 336 F.2d 376, 384 (C.A. 2); *United States v. Mack,* 112 F.2d 290, 292 (C.A. 2).

The facts, as found by the trial judge, supported by the evidence are sufficient to constitute the crime of conspiracy as charged in Count one of the indictment.

As has been previously noted, Oscar Toney, Jr. died pending his appeal in this Court. In *Durham v. United States,* 401 U.S. 481, 483, 91 S.Ct. 858, 860, 28 L.Ed.2d 200, the Court adopted the rule from the Eighth Circuit in *Crooker v. United States,* 325 F.2d 318.

"(D)eath pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception."

While the case was pending on petition for certiorari the petitioner died. The Court then vacated the judgment below and remanded the case to the District Court with instructions to dismiss the indictment.

In a footnote on p. 483, 91 S.Ct. 858, the Court indicates that it makes no difference whether a case is pending on direct appeal as a matter of right or whether it is pending on petition for certiorari. See also *Pipefitters v. United States,* 407 U.S. 385, 412, N. 11, p. 400, 92 S.Ct. 2247, 33 L.Ed.2d 11; *United States v. Edwards,* 415 U.S. 800, 801, N. 1, 94 S.Ct. 1234, 39 L.Ed.2d 771.

■ Accordingly, we vacate the judgment of conviction against Oscar Toney, Jr. and remand the cause to the District Judge with instructions to dismiss the indictment against him.

■ One of the claims made by counsel for appellants, in his briefs, is that the appellants had ineffective assistance of counsel during the trial and in preparation for the trial. The test of effective assistance of counsel is: Whether counsel is reasonably likely to render and does render reasonably effective assistance. *Beasley v. United States,* 6 Cir., 491 F.2d 687, 696.

■ We have read the record of the trial and we conclude that on the record as a whole the trial conduct of defense counsel and his representation of the appellants meet the requirements of this test. The case was tried to the court without a jury and it appears that all of the available evidence was submitted to the trial judge. The factual evidence consisted largely of the transactions of requesting and accepting money described in the various counts of the indictment and they were strongly supported by the evidence. Legal questions were properly decided by the trial judge. We fail to see what defense counsel might have made that would have changed the results.

The judgments of conviction against the appellants Ira Kiner, Rosedell Kiner and Sam Pruett are affirmed.

The judgment against Oscar Toney, Jr. is vacated and his case remanded to the District Court with instructions to dismiss the indictment.