67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward F. SPRY and Patricia Lawton, Defendants-Appellants.
 Nos. 94-6182, 94-6357.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 Before: MARTIN, GUY, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellants, Edward Spry and Patricia Lawton, were convicted of conspiring to distribute cocaine. On appeal, Spry challenged the validity of both his conviction and the sentence imposed by the district court judge. Soon after oral argument, however, the court was notified of his death on August 10, 1995. For this reason, the appeal filed by appellant Spry must be dismissed, as well as the underlying indictment originally returned against him. Death pending direct appellate review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception. United States v. Toney, 527 F.2d 716, 720 (6th Cir.1975).
 
 
 2
 Appellant Lawton challenges only her sentence, claiming for the first time on appeal that it resulted from ineffective assistance of counsel. The substance of her complaint is that her attorney neglected to request a continuance of her sentencing hearing, thereby losing the potential benefit of a somewhat lighter sentence under the terms of the Crime Control Act of 1994, which took effect eight days after her sentence was imposed. To the government's argument that such a claim cannot be raised for the first time on appeal, Lawton responds that in this instance the matter can be decided without an evidentiary hearing in the district court, because it involves purely a matter of law. We disagree. To review this question solely as a matter of law would require us to speculate, first, that the district judge would have granted a motion to continue the sentencing hearing and, second, that the judge would have imposed a lesser sentence at a later hearing, even though the sentence actually imposed was equally valid under the 1994 amendment. We would also have to speculate concerning the attorney's reason for not requesting the continuance in the first place. Obviously, this is not a matter that can be reviewed in the absence of an evidentiary hearing.
 
 
 3
 As we have repeatedly noted, constitutional questions concerning the performance of counsel are only rarely capable of review on direct appeal and are better presented through a motion filed in the district court pursuant to 28 U.S.C. Sec. 2255. See United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993). As in Carr, in this case we see no reason to depart from our usual rule--indeed, as noted above, there is sufficient reason to conclude that the question presented currently evades review because the factual record is not yet before the court.
 
 
 4
 For these reasons, we DISMISS the appeal as to both appellants. In addition, the judgment of conviction against Edward Spry is VACATED, and the cause is REMANDED to the district court, with instructions to dismiss the indictment against him.