**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Douglas C. PERRY, Jr., Defendant–Appellant.**

No. 03–6415.

United States Court of Appeals, Sixth Circuit.

June 14, 2004.

Terry M. Cushing, Asst. U.S. Attorney, Jo E. Lawless, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Richard A. Cline, Mitchell, Allen, Catalano & Boda, Columbus, OH, Douglas C. Perry, Jr., Lousiville, KY, for Defendant–Appellant.

Before KEITH, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

The defendant filed an appeal of his conviction of conspiracy to utter counterfeit obligations and possession and production of counterfeit obligations with intent to defraud. The government advises the court that the defendant died on March 26, 2004, and moves for a remand. *See* Fed. R.App. P. 43(a)(1) (upon the filing of a suggestion of death the court "may then direct appropriate proceedings"). Counsel for the defendant concurs in the motion to remand.

When a criminal defendant dies while his direct appeal is pending, the case abates and the action must be remanded to the district court for dismissal of the indictment. *See United States v. Wilcox,* 783 F.2d 44 (6th Cir.1986) (order); *United States v. Toney,* 527 F.2d 716, 720 (6th Cir.1975), *cert. denied,* 429 U.S. 838, 97 S.Ct. 107, 50 L.Ed.2d 104 (1976). Therefore, the motion to remand is GRANTED, the judgment is VACATED, and this case is REMANDED to the district court with instructions to dismiss the indictment upon the filing of a death certificate.