**Ervin Gerald KRISTIANSAND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24410.**

United States Court of Appeals Fifth Circuit.

Oct. 26, 1967.

**302**

Ervin Gerald Kristiansand, pro se.

Robert S. Travis, Asst. U. S. Atty., Fort Worth, Tex., Melvin M. Diggs, U. S. Atty., for appellee.

Before GEWIN, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

This is a sequel to appellent's former motion for relief filed under 28 U.S.C.A. § 2255. Kristiansand v. United States, 5 Cir., 1963, 319 F.2d 416. There the court considered and denied appellant's claims for relief based on the improper admission of evidence and an insufficiency of evidence, the legality of his arrest and the contention that his confession was illegal. His latest effort under 28 U.S.C. A. § 2255 involves four additional claims of trial error.[1] Each is without merit and we affirm.

■ The procedure followed by the trial court in connection with determining the voluntariness of appellant's confession in no way contravened the holding of the Supreme Court in Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. The procedure followed was in fact salutary from the standpoint of fairness. The court made a preliminary determination of voluntariness and then submitted the question to the jury for its separate consideration. The jury was not advised that the court had made its own determination that the confession was voluntary. Moreover, the court instructed the jury to apply the beyond a reasonable doubt standard in determining the question of voluntariness *vel non* of the confession. Cf. United States v. Inman, 4 Cir., 1965, 352 F.2d 954, 956; and Fisher v. United States, 5 Cir., 1967, 382 F.2d 31, (August 11, 1967).

■ It is also contended that the court received a presentence investigation report prior to the rendition of the jury verdict in violation of Rule 32, F.R.Crim. Procedure. There is no factual truth in this assertion. The transcript shows that the report was used in connection with the sentencing of appellant.

■ There is nothing ambiguous about the sentence. The variance between the indictment and proof with respect to the serial number of the stolen airplane was not material and was a question properly resolved against appellant during the trial.

The judgment of the District Court denying relief is

Affirmed.

---

1. Cf. Paige v. Potts, 5 Cir., 1965, 354 F.2d 212, footnote 2. with respect to piecemeal appeals.