**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Irving NORMAN, Jr., Defendant-Appellant.**

**Nos. 17640, 17641.**

United States Court of Appeals Sixth Circuit.

Jan. 29, 1968.

Certiorari Denied April 8, 1968. See 88 S.Ct. 1265.

Francis R. Salazar, Denver, Colo., for appellant; Raymond A. White, Dayton, Ohio, on brief.

Roger J. Makley, Asst. U. S. Atty., Dayton, Ohio, for appellee; Robert M. Draper, U. S. Atty., Dayton, Ohio, on brief.

Before PHILLIPS, EDWARDS, and COMBS, Circuit Judges.

COMBS, Circuit Judge.

The appellant entered a plea of guilty in 1952 in the United States District Court for the Southern District of Ohio

to an indictment charging violation of 18 U.S.C. § 4,[1] misprision of felony. He was sentenced to imprisonment for one year and one day, and has served his sentence. In October, 1966, he filed in the same court "Motion in the Nature of an Application for a Writ of Error Coram Nobis," seeking vacation and dismissal of the 1952 judgment of conviction. His application was denied and he appeals.

Before discussing the merits of appellant's application we look briefly to the nature of the remedy which he is pursuing.

■ While the writ of error coram nobis has been expressly abolished in civil proceedings (Rule 60(b) of the Federal Rules of Civil Procedure) it has survived in criminal practice by virtue of the fact that it has not been replaced by a statutory provision. Mathis v. United States, 246 F.Supp. 116 (D.C.N.C.1965). It is an extraordinary writ and jurisdiction of the court to grant relief is of limited scope. United States v. Cariola, 323 F.2d 180 (3rd Cir.1963). The writ is sufficient to invoke the jurisdiction of a court to set aside its judgment of conviction even when sentence has been fully served. United States v. Forlano, 249 F.Supp. 174 (D.C.N.Y.1965), affirmed 355 F.2d 934 (2nd Cir.1966).

The pertinent part of the indictment to which appellant pleaded guilty reads:

"That GEORGE IRVING NORMAN, JR., the defendant herein, at Dayton, Ohio, within the Western Division of the Southern District of Ohio, having knowledge of the actual commission of a felony cognizable by a Court of the United States, to-wit: Section 2312, Title 18, U.S.C. Interstate transportation of a stolen 1948 Oldsmobile, Motor No. 9–7001H, from Chicago, Illinois, to Dayton, Ohio, on February 16, 1952, the said William Moore well knowing the car to have been stolen; he, the said GEORGE IRVING NORMAN, JR., did on the 18th day of February, 1952, unlawfully conceal and fail to disclose or make known such felony as soon as might be to some one of the Judges of the United States District Court for the Southern District of Ohio, or other person in civil or military authority under the United States, and in furtherance of said unlawful concealment, the said GEORGE IRVING NORMAN, JR. took the following affirmative step to conceal the crime committed by the said William Moore in that he purchased Ohio registration tags No. 2571RZ using a duplicate Ohio Certificate of Title for another car, and placed these tags on the above stolen Oldsmobile."

Appellant contends that the indictment was fatally defective in that it failed to charge that defendant had "knowledge" that the motor vehicle involved had been stolen; also that there is no allegation in the indictment that the defendant had the "intent" to commit a crime.

The elements of the offense as fixed by the statute are three-fold: (1) Knowledge of commission of a felony cognizable by a court of the United States, (2) failure to make known to the proper authorities the commission of the crime, and (3) concealment.

■ An indictment will be construed liberally in favor of its sufficiency where objection to it is first made after verdict or judgment. Hagner v. United States,

---

1. 18 U.S.C. § 4. Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both.

(The original misprision statute was part of the Crimes Act of 1790, First Congress, Second Session, and related to concealment of a felony upon the high seas or in other places within the exclusive jurisdiction of the United States. By the Act of March 4, 1909, the Sixtieth Congress, in codifying the Federal Criminal Code, amended the statute to include any felony cognizable by a court of the United States.)

285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); United States v. Thompson, 356 F.2d 216 (2nd Cir.1965); United States v. Laverick, 348 F.2d 708 (3rd Cir.1965); Clay v. United States, 326 F.2d 196 (10th Cir.1963); Finn v. United States, 256 F. 2d 304 (4th Cir.1958).

This indictment charges that the defendant had knowledge of the commission of a felony, to-wit: interstate transportation of a stolen motor vehicle; it specifies the title and section of the United States Code that was violated; specifies the year, make, and motor number of the vehicle involved; gives names of the cities between which the vehicle was transported; identifies the driver of the vehicle; and charges that the defendant took certain affirmative acts to conceal the crime.

Keeping in mind the applicable rule for the testing of an indictment after verdict or judgment, we are of the opinion the indictment properly charged appellant with the offense of which he was convicted. United States v. Debrow, 346 U. S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953).

The judgment of the District Court is affirmed.