Patricia Ann SULLIVAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 90–68.

United States Court of Appeals Tenth Circuit.

June 4, 1969.

---

See also D.C., 284 F.Supp. 579.

Lawrence A. McSoud, U. S. Atty., Tulsa, Okl. (Robert P. Santee, Asst. U. S. Atty., with him on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

PICKETT, Circuit Judge.

Patricia Ann Sullivan appeals from a conviction and sentence for the crime of misprision of a felony as defined in 18 U.S.C. § 4.[1] The material part of the indictment charges:

"On or about the 7th day of May, 1964, in the Northern Judicial District of Oklahoma, Patricia Ann Sullivan, having knowledge of the actual commission by Donald Lee Yates of a felony, cognizable by a Court of the United States, that is, the entering and robbing of the Citizens Bank, Drumright, Oklahoma, on May 7, 1964, by Donald Lee Yates, who, with intent to commit in that bank a felony affecting that bank, did take by force and violence and by intimidation and from the presence of the employees of that bank money belonging to and in the care, custody and control of that bank, which deposits were insured by the Federal Deposit Insurance Corporation, the said Patricia Ann Sullivan did wilfully conceal the same and did not, as soon as possible, make known the commission of said felony to a Judge or other person in civil authority under the United States of America."

The alleged offense grows out of a bank robbery in the town of Drumright, Oklahoma on May 7, 1964 by Donald Lee Yates, in which appellant's husband, Pete Kitchen[2], participated and from which he received a share of the stolen money.

---

James E. Frasier, Tulsa, Okl. (Thomas Dee Frasier, Tulsa, Okl., on the brief), for appellant.

1. 18 U.S.C. § 4 provides:
   "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both."

2. Pete Kitchen was killed in November, 1965 and Patricia Ann remarried thereafter.

558

The sufficiency of the evidence to sustain the conviction is not questioned and the two assignments of error presented here are: (1) that the indictment is insufficient because it fails to allege affirmative acts of concealment of a known felony, and (2) the court erroneously admitted evidence offered by the prosecution on rebuttal to establish that the accused was in possession of a substantial amount of money a short time after the bank robbery.

◼ Section 4 provides that in order for a violation of the statute to exist there must be both a concealment of a felony cognizable by a court of the United States by a person having actual knowledge thereof and a failure to disclose the crime to the officials named in the statute. An indictment which fails to allege the existence of these two essential statutory elements is fatally defective. Bratton v. United States, 10 Cir., 73 F.2d 795. See Lancey v. United States, 9 Cir., 356 F.2d 407, cert. denied, 385 U.S. 922, 87 S.Ct. 234, 17 L.Ed.2d 145; Neal v. United States, 8 Cir., 102 F.2d 643.

◼ The indictment alleges in the words of the statute the concealment of the felony and a failure to disclose. The essential elements of the offense are adequately alleged in plain, concise and definite language as required by Rule 7 (c), Fed.R.Crim.P. The rules "were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure. Rule 2, F.R.Crim.P." United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. If the accused desired more definite information for the proper preparation of a defense and to avoid prejudicial surprise, the remedy was by motion for a bill of particulars as provided for in Rule 7(f), Fed.R.Crim.P. United States v. Debrow, *supra;* United States v. Tijerina, 10 Cir., 407 F.2d 349; King v. United States, 10 Cir., 402 F.2d 289.

◼ On direct examination Mrs. Sullivan testified that she had known of the robbery but had never seen any large sums of money; that her husband had worked for a livelihood at "different things." On cross-examination she stated that she had neither received any of the proceeds of the bank robbery nor seen any large sums of money, but that within four weeks of the robbery she and her husband had purchased real estate in Sapulpa, Oklahoma upon which her husband had made a downpayment of $2,000 in cash. Upon rebuttal the prosecution produced the real estate agent who had negotiated the sale of the real property, and he testified that a partial downpayment of $100 in cash had been made by Mr. and Mrs. Kitchen, and that on the following day the balance of $1,900 then due was paid by Mrs. Kitchen with $100 bills. Clearly the evidence was admissible to rebut the testimony of the witness that she had never seen any large sums of money and had received none of the robbery proceeds. The testimony was material to the substantive issue of concealment of the robbery.

Affirmed.