**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harry DAVIS, d/b/a Davis Mfg. Co.,
Defendant-Appellant.**

**No. 27489.**

United States Court of Appeals,
Fifth Circuit.

March 10, 1970.

Rehearing Denied April 29, 1970.

Edwin M. Sigel, Sigel, Simms & Roane, Houston, Tex., Michael Jay Kuper, Dallas, Tex., Edward B. Williams, Washington, D. C., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., Johnnie M. Walters, Asst. Atty. Gen., Joseph M. Howard, Richard B. Buhrman, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM.

This appeal from a conviction of the appellant on six counts for violation of the criminal provisions of the Internal Revenue laws (§§ 7201 and 7206(1)) raises five points aside from the contention that there was not sufficient evidence to support submitting the case to the jury, in light of the appellant's contentions respecting his purpose in not showing the substantial amount of unreported income on his books for the three years in question.

■ First, we state that there was ample evidence to support the jury's verdict. The next point raised by appellant is that after the trial court ordered all documents to be shown that were in possession of the government to counsel for the appellant, a certain number of documents were placed in a sealed envelope for later inspection, and that at some time unknown as to either party, but before the trial, the sealed envelope had been unsealed and appellant was unable to ascertain whether any of the documents in the sealed envelope were present or missing. As to this point, we conclude that appellant's description of this occurrence as "a wholly unscrupulous pretrial incident" with no proof to support his contention, is an overstatement of the facts even as contended for by the appellant. Moreover, no specific relief was requested by appellant of the trial court by calling this specific incident to the court's attention at the time of trial.

The trial court, therefore, committed no error that is before us for review.

We conclude that the trial court did not err in denying appellant's motion to produce certain grand jury testimony of three persons who testified before the grand jury, but who were not called to testify before the jury on the trial itself, or in denying appellant's motion to produce a statement by an unnamed informer who testified before the grand jury, but who did not testify at the trial.

■ As to the contention that the trial court erred in denying appellant's motion to suppress evidence on the ground that the evidence had been obtained by "use of a revenue agent in lieu of a special agent to uncover incriminating evidence," without giving a Miranda warning and was a violation of taxpayer's Fourth, Fifth and Sixth Amendment rights is unsupported by the record. The trial court made full findings with respect to the normalcy of the original investigation by the revenue agent to the effect that when he discovered some evidence of possible criminal action, he notified the appellant that he had better get a lawyer and that he (the agent) was turning the matter over to a "special agent." This fact distinguishes the case from the others in this and other circuits in which the courts have begun applying, to some extent, some of the protections now afforded accused persons in other types of criminal actions.

Finally, we have carefully considered the record with respect to the introduction of certain documents, some of which were for a period of time following the years of prosecution. We agree with the position of the government to the effect that counsel for appellant did not make plain to the trial court which of the several specific documents were objected to and obtain a ruling with respect to each one, as to their relevancy on the issues involved in the prosecution years.

The judgment is affirmed.

## ON PETITION FOR REHEARING

In our original opinion we stated, with respect to the production of Grand Jury testimony and a statement by an informer as follows:

"We conclude that the trial court did not err in denying appellant's motion to produce certain grand jury testimony of three persons who testified before the Grand Jury, but who were not called to testify before the jury on the trial itself, or in denying appellant's motion to produce a statement by an unnamed informer who testified before the grand jury, but who did not testify at the trial."

This statement was intended to indicate that these persons were "not called *by the government*" to testify before the jury on the trial itself, because it is only with respect to witnesses actually called to testify by the prosecution that the rule of the Jencks Act applies. We did not mean to state that the three persons who testified before the grand jury were not put on the witness stand on behalf of the defendant.

The record discloses that the witnesses before the grand jury were an Internal Revenue Special Agent and three employees of the defendant. The United States did not call any of them as witnesses on the trial itself. Upon motion by the appellant the court ruled:

"The grand jury testimony, or any statement of any witness used, will be furnished to counsel for defendant on the day before any witness in the case is placed on the witness stand,
\* \* \*

"Is this agreeable to counsel for both sides?

"MR. MAHON: The government is agreeable to this, Your Honor.

"MR. SIGEL: It is agreeable with the defendant, Your Honor."

When at the conclusion of the government's case, it appeared that none of the three employees of the defendant who had appeared before the Grand Jury had been called by the United States, the defendant made the following motion:

"MR. SIGEL: There is one thing I would like to have on the record, and that is that the Government has now indicated that he will close his case with one last technical witness. As a result, it appears that none of the witnesses who appeared in the grand jury were called by the Government and that means that there is the likelihood that the Government has changed its theory, that there is evidence possibly in the grand jury minutes that might possibly be to our advantage, and we again request the Court to allow us to see it. After all, not one of these witnesses has been called.

The Court overruled this motion.

Thereafter, the defendant called all three witnesses who were his employees and the government undertook to cross-examine one of them, Smith, by confronting him with his Grand Jury testimony. Appellant complains that the refusal of the trial court to make the entire grand jury minutes available prejudiced his cause in meeting this effort by the government to show any inconsistencies between the witness' testimony and his prior testimony before the grand jury.

We find no error in the only ruling made by the trial court with reference to this matter.

The appellant also complains of the failure of the trial court to require a disclosure by the government of the identity of the informer, who appellant says in his brief here, was "presumably" an employee of the defendant.[1]

The government did not use as a witness any employee of the appellant who had testified before the grand jury.

---

1. Appellant's brief here states: "Statements contained in Agent Palmer's referral report make it quite obvious that information in the informant's report which Palmer referred to and relied upon came from an employee of defendant who presumably was the informant."

**1244**

The question of the correctness of the trial court's refusal to require the disclosure of the identity of the informer is therefore tested by the rule stated in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, which holds that protecting the identity of informers is an important policy which will yield only to a particularized showing of need in an individual case. We think that the trial court did not err in its decision to protect the identity of the informer in this case.

We strike the paragraph of the opinion first quoted above and modify the opinion by substituting what is said here.

In all other respects this Motion for Rehearing is overruled.