432 F.2d 100
 UNITED STATES of America, Plaintiff-Appellee,
v.
Willis Terrell HARPER, Defendant-Appellant.
 No. 29356 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 September 17, 1970.
 
 Millard C. Farmer, Jr., Newnan, Ga., for defendant-appellant.
 John W. Stokes, Jr., U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 The appellant, Willis Terrell Harper, was convicted of four different offenses in a four count indictment for violation of the Internal Revenue Laws relating to distilled spirits. Since both issues raised by the appellant are basically questions of law, only the briefest summary of facts is necessary to frame the determinative issues.
 
 
 2
 Upon Harper's apprehension at an illicit distillery where he was allegedly engaging in the production of moonshine whiskey, agents of the Alcohol, Tobacco, & Firearms Division of the Treasury Department accorded him the proper Miranda warnings. These agents testified that, subsequent to the administration of the Miranda caveat, certain incriminating statements were made by Harper. He denied making some of these statements, while, as to others, he contended that they were made because, being illiterate, he did not clearly understand the nature of the Miranda admonition.
 
 
 3
 At the trial, testimony as to the voluntariness of these statements by the appellant was taken before the court without the jury. At the conclusion of this testimony, the trial judge stated that he would submit the question of voluntariness to the jury. Harper did not object at that time, although he now contends that the trial court erred in not expressly ruling on the voluntariness of the incriminating statements before they were submitted to the jury.
 
 
 4
 The defense counsel, pursuant to the Jencks Act, 18 U.S.C.A. § 3500 (1969), requested production by the government of any statements previously made by its witnesses, including those made before the grand jury. No such statements in any form were produced. Based upon the representations of the United States Attorney that no transcript of the grand jury proceedings had been made and no written statements of witnesses were in existence, the court ruled that no production was required. The defense now assigns the failure to supply the non-existent grand jury transcript as error.
 
 I.
 
 5
 With respect to the appellant's claim that the trial judge should have first determined the issue of the voluntariness of the defendant's statements, the admission of the incriminating statements into evidence, after a hearing outside of the jury's presence, indicates that the judge properly determined the statements to be voluntary before they were submitted to the jury. This is the unambiguous holding of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), upon which the appellant bestows so much importance.
 
 
 6
 In Jackson, supra, the Supreme Court was faced with the question of constitutionality of the former New York rule, which required the trial judge to receive a confession and to leave to the jury the ultimate determination of its voluntary character and its truthfulness. The judge was not permitted to make determinations of coercion or voluntariness, and it was this procedure that the Court felt violated the accused's Fourteenth Amendment rights. Exempt from the Court's mandate, however, were those jurisdictions:
 
 
 7
 following the orthodox rule, under which the judge himself solely and finally determines the voluntariness of the confession, or those * * * under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused, the judge's conclusions are clearly evident from the record since he either admits the confession into evidence or rejects it if involuntary. Jackson v. Denno, supra, at 378-389, 84 S.Ct. 1781, 1781-1782.
 
 
 8
 This Court has already noted that the fairest method for determining the voluntariness of a confession was the very one employed by the judge in the case sub judice, i. e., permitting the confession and the question of voluntariness to go to the jury, after having made his own preliminary determination that there was no taint of compulsion but without indicating his evaluation to the jury. Kristiansand v. United States, 384 F.2d 301 (5th Cir. 1967).
 
 II.
 
 9
 The second error Harper asserts is that testimony presented before the grand jury should have been preserved and supplied pursuant to the Jencks Act, 18 U.S.C.A. § 3500 (1969).
 
 
 10
 This court need not reach the question of "particularized need" for the disclosure of the ordinarily secret minutes and records of a grand jury, an issue grappled with in Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), a case considered controlling by the appellant. Dennis dealt with extant records; and, therefore, it is not dispositive of the issue we now face. That issue is whether the non-availability of a grand jury transcript should be grounds for the dismissal of an indictment. Nothing in Dennis compels an affirmative conclusion.
 
 
 11
 Although one district court within the United States may have adopted the requirement that a grand jury transcript be kept, United States v. Gramolini, 301 F.Supp. 39 (D.R.I.1969), such is not the rule in any district within the Fifth Circuit. The Gramolini court, in fact, pointed out that "[n]o court has yet held that the failure to keep Grand Jury minutes may be a basis for the dismissal of the indictment." Gramolini, supra, at 41.
 
 
 12
 The decisional law of this circuit is plainly in harmony with the proposition that a written transcript of grand jury proceedings is not required. It has been specifically held by this court that:
 
 
 13
 There is no constitutional requirement that grand jury proceedings be transcribed. The failure to transcribe does not warrant the dismissal of the indictment. Dennis v. United States does not change this rule. (Citations omitted).[1]
 
 
 14
 Since there is no constitutional requirement that a transcript of a grand jury proceedings be made, obviously the failure to produce such non-required records when they do not exist cannot be error. The judgment of the trial court below is affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Baker v. United States, 412 F.2d 1069, at 1073 (5th Cir. 1969). See also United States v. Davis, 424 F.2d 1241 (5th Cir. 1970)