**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Burton Wesley STUARD and Donald W.**
**Summar, Defendants-Appellants.**

**Nos. 77-5141 and 77-5142.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 17, 1977.

Decided Dec. 9, 1977.

Vincent E. Wehby, Nashville, Tenn., (Court-appointed), for defendant-appellant in No. 77-5141.

Charles H. Anderson, U.S. Atty., William H. Farmer, Asst. U.S. Atty., Nashville, Tenn., for plaintiff-appellee.

James N. Bryan, Jr., Woods & Woods, Nashville, Tenn. (Court-appointed), for defendant-appellant in No. 77-5142.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and LAMBROS, District Judge.*

PER CURIAM.

Appellants Stuard and Summar were indicted and convicted of misprision of felony, 18 U.S.C. § 4 (1969).[1] Evidence was presented at trial from which the jury could have concluded that appellants intentionally concealed from federal investigating officers circumstances under which 987 cases of Jim Beam whiskey had been removed surreptitiously from Stuard's truck in Tennessee and replaced with sand bags; and that, after the theft, appellants drove the truck to Arizona where they reported that the whiskey had been stolen, seeking to divert suspicion from the thief, a party known to them and with whom they had had contact in Tennessee.

This court recently has pointed out the dearth of decisions dealing with the federal misprision statute. *Castaneda De Esper v. Immigration & Naturalization Service*, 557 F.2d 79, 83 (6th Cir. 1977). The four elements which must be proved under the statute are set forth in the leading case, *Neal v. United States*, 102 F.2d 643, 646 (8th Cir. 1939), wherein the Eighth Circuit held:

> 'To sustain a conviction * * * for misprision of felony it was incumbent upon the government to prove beyond a reasonable doubt (1) that * * * the principal, had committed and completed the felony alleged * * *; (2) that the defendant had full knowledge of that fact; (3) that he failed to notify the authorities; and (4) that he took * * *

---

\* Honorable Thomas D. Lambros, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

1. 4. Misprision of felony.—Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority. under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both. (June 25, 1948, c. 645, § 1, 62 Stat. 684).

affirmative steps to conceal the crime of the principal.'

See Lancey v. United States, 356 F.2d 407, 409 (9th Cir.), cert. denied, 385 U.S. 922, 87 S.Ct. 234, 17 L.Ed.2d 145 (1966) (quoting Neal). See also United States v. King, 402 F.2d 694, 695 (9th Cir. 1968). Cf. Branzburg v. Hayes, 408 U.S. 665, 696 n. 36, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); United States v. Kuh, 541 F.2d 672 (7th Cir. 1976); United States v. Daddano, 432 F.2d 1119, 1123–24 (7th Cir. 1970), cert. denied, 402 U.S. 905, 91 S.Ct. 1366, 28 L.Ed.2d 645 (1971); Sullivan v. United States, 411 F.2d 556, 558 (10th Cir. 1969).

Neal and the decisions of other circuits cited above are in accord with the opinion of this court in United States v. Norman, 391 F.2d 212, 213 (6th Cir.), cert. denied, 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163 (1968), in which we enumerated three elements to be proved under the statute. The three elements set forth in Norman are the same in essence as the four elements in Neal quoted above. Norman differs from Neal in phraseology but not in meaning. We prefer the phraseology of Neal and, therefore, adopt the rule as quoted above from that decision.

Applying the Neal criteria, the record establishes that the evidence is sufficient to sustain the conviction on each of the four elements of misprision as to both appellants.

All other issues raised by appellants have been considered and are found to be without merit.

Affirmed.