**In re Harry DAVIS, d/b/a Davis Manufacturing Company, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 77–2810
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 27, 1978.

Michael Jay Kuper, Houston, Tex., for plaintiff-appellant.

Kenneth J. Mighell, U. S. Atty., Gerhard Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

In 1969, petitioner Harry Davis was convicted of criminal tax evasion on evidence which our reviewing panel characterized as "ample." *United States v. Davis,* 424 F.2d 1241 (5 Cir. 1970). He has since served his sentence and paid all fines assessed. In connection with his original trial, petitioner sought to suppress evidence of his scheme on grounds that the original investigation was not a normal one but was extraordinary and designed from the outset to uncover criminal activity. Armed with additional

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

matter, obtained by him under the Freedom of Information Act, indicating that an informant supplied information which figured in the investigation of his taxes, petitioner seeks relief in coram nobis. We affirm the trial court's denial of the writ.

■ In the first place, petitioner's contention—essentially that his rights were violated by an unreasonable search or by unwarned self-incrimination—was raised, decided· and affirmed against him in his original case. *United States v. Davis, supra.* Such matters, effectively raised and disposed of on the merits of the case itself, cannot again be raised in coram nobis, *Jackson v. United States,* 394 F.2d 114 (5th Cir. 1968), or at any rate, not in the absence of new matter far more conclusive of error than that now presented by petitioner.

■ In the second, we have noted that . . ., the writ of error coram nobis is an extraordinary writ and the jurisdiction of the court to grant such relief is of limited scope. See, e. g., *United States v. Norman,* (6th Cir. 1968) 391 F.2d 212, cert. den. 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163. Coram nobis is only available to correct errors of the most fundamental character where the circumstances are compelling to achieve justice. *Correa-Negron v. United States,* 473 F.2d 684, 685 (5th Cir. 1973).

It appears that petitioner has had justice: nowhere does he presently suggest that he did not bilk the United States of several hundred thousand dollars in taxes due by means of an elaborate and deliberate scheme of falsified records, all as he was found to have done at his trial. Nor does he present any new compelling evidence that his constitutional rights were infringed by the investigation which led to his conviction.

AFFIRMED.