32 F.3d 569
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven Francis BURMAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3544.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1994.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Steven Francis Burman challenges an order of deportation. We affirm.
 
 I.
 
 2
 Petitioner Steven Francis Burman ("Burman") is a forty-one-year-old citizen of Canada. Burman entered the United States as a nonimmigrant visitor for pleasure on May 2, 1985, and married a United States citizen on May 12, 1985. Burman thereafter applied to the Immigration and Naturalization Service ("INS") for an "adjustment of status" pursuant to 8 U.S.C. Sec. 1255. On December 31, 1986, the INS denied Burman's application for permanent resident alien status and ordered that he leave the United States by January 31, 1987. On February 5, 1987, the INS issued an "Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien" charging Burman with deportability because he had "remained in the United States for a longer time than permitted."
 
 
 3
 At his hearing before an immigration judge, Burman revealed that he had three marijuana convictions in Canada, but argued that his convictions should not preclude permanent resident alien status because his Canadian criminal activities would not be considered criminal in the United States, or, alternatively, his Canadian conduct equated to misprision of felony (which is not a deportable offense) under the laws of the United States. The immigration judge rejected Burman's request for permanent resident alien status. Burman appealed the immigration judge's determinations to the Board of Immigration Appeals ("Board"). The Board rejected Burman's appeal:
 
 
 4
 The respondent is a ... native and citizen of Canada, who seeks to adjust his status to that of a lawful permanent resident on the basis of his 1985 marriage to a United States citizen. At the hearing, the respondent admitted to having sustained three "minor narcotic" convictions in Canada on June 22, 1971; July 19, 1972; and July 16, 1975. According to the respondent, all three convictions were for possession of marihuana in violation of section 3(1) of the Canadian Narcotic Control Act. The respondent testified that, in each instance, he was never in actual custody or possession of the marihuana, as he was only riding in the vehicle or cohabitating in the apartment where the marihuana was found.
 
 
 5
 ....
 
 
 6
 [W]e find the respondent's arguments flawed in several respects. First, the elements of the crime of "misprision," as defined in 18 U.S.C. Sec. 4, include: (1) knowledge of the actual commission of a felony; (2) concealment of the felony; and (3) failure to make known the felony to the appropriate authorities. In contrast, the Canadian definition of "possession" ... requires both knowledge, and, notably, consent of another's custody and possession. By definition, therefore, the respondent's possessory offenses are not analogous to the crime of misprision.
 
 
 7
 Secondly, the respondent was not convicted for misprision of the crime of possession of marihuana, but rather for the crime itself. [B]ecause the respondent [knowingly consented to] another's possession of the marihuana, he was deemed to be in the custody and possession of the same....
 
 
 8
 Board of Immigration Appeals' May 5, 1993 Order at 1-3 (citations and footnotes omitted).
 
 
 9
 Pursuant to 8 C.F.R. Sec. 3.1(d)(2), the Board's Order is a final order of deportation directly reviewable by this court. Burman filed his timely petition for review, pursuant to 8 U.S.C. Sec. 1105a, on May 19, 1993.
 
 II.
 
 10
 Because he did not physically possess any marijuana on the three occasions that he was arrested, Burman argues: that he did not commit a crime under the laws of the United States; or, alternatively, that he committed misprision of felony under the laws of the United States. Misprision of felony does not preclude permanent resident alien eligibility.
 
 
 11
 Burman described the events underlying his three convictions to the immigration judge:
 
 
 12
 [Burman]: I was in Toronto, Ontario with some friends. We had gone to meet some other people, and I'd left my friends in a truck that we had borrowed from my father. It was a company van. We couldn't find parking, and they left me off .. they dropped me off, and when I came back to meet them, they were being arrested. I couldn't understand what .. what had happened. I got scared, and I left the scene. I ran away. My friends were arrested, they were taken to jail, the truck was impounded and a number of days later I was arrested as well in my .. in my home town. The police said they founds [sic] 2.2 grams of marijuana in the truck and the three of us were charged. When we went to Court, the officers said that I had .. said they had found the marijuana in the truck, and said that I had been in custody and broke away and ran and this is why I was also charged with escaping law from custody. The Judge heard the case, he .. his ruling was that because the three of us .. our .. our .. our stories were so similar, that we had to be lying and I was the only one charged with both the possession of narcotics and .. and for escaping law custody. I was given a plea to .. a two hundred dollar .. a one hundred dollar fine on the possession charge and two years probation on the escape from lawful custody charge.
 
 
 13
 [Judge]: Okay, now there is a second conviction noted in July 19th of 1972. Could you explain that situation to us?
 
 
 14
 [Burman]: I was living in a house with three other people. I had originally rented the house in my name. One day when I was at work, the police came to the house. They said they found one marijuana cigarette in the vacuum cleaner. Myself and one of the gals .. one of the .. one lady who was living in the house were both charged. They found both of us guilty at the Court, and during that case I pleaded guilty. The Judge just charged me because the house was in my name, and I didn't feel that either of us were responsible, but I .. I made the decision that time that there was no use for both of us being charged.
 
 
 15
 [Judge]: Okay, and then there is a third conviction [on] July 16, 1975. Could you speak to that conviction?
 
 
 16
 [Burman]: The circumstances are much similar. I was ... cohabiting a house .. an apartment, I was at work one day and I came home, and I was informed that the police had come and they had found a hash pipe and some marijuana seeds and again, since the house was in my name, I was charged. The apartment was rented in my name. I was charged and convicted.
 
 
 17
 * * *
 
 
 18
 [Judge]: And in these three .. three narcotics possession[ ] situation[s] you've just described, was there .. was there any narcotic on your person at the time that you were .. were arrested?
 
 
 19
 [Burman]: That was never .. no, nothing was ever found on my possession. I was never arrested because of any possession of illegal substance.
 
 
 20
 Joint Appendix at 16-19.
 
 
 21
 Though Burman argues that his actions do not constitute criminal possession under the laws of the United States because he was not in physical possession of the marijuana,
 
 
 22
 [p]ossession may be either actual or constructive and it need not be exclusive but may be joint.... Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others. Both actual possession and constructive possession may be proved by direct or circumstantial evidence. It is not necessary that such evidence remove every reasonable hypothesis except that of guilt.
 
 
 23
 United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.) (citations omitted), cert. denied, 414 U.S. 866 (1973). See also United States v. Tisdale, 952 F.2d 934, 937 (6th Cir.1992) (Constructive possession means "the 'ownership, dominion, or control' over the item itself, 'or dominion over the premises' where the item is located.").
 
 
 24
 The relevant Canadian statute provides: "[W]here one of two or more persons, with the knowledge and consent of the rest, has anything in his custody or possession, it shall be deemed to be in the custody and possession of each and all of them." Joint Appendix at 29. The Board compared the definitions of criminal possession and rejected the petitioner's claim that his Canadian offenses equated to misprision of felony under United States law. See 18 U.S.C. Sec. 4 ("Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority" shall be guilty of misprision of felony.).
 
 
 25
 In United States v. Stuard, 566 F.2d 1 (6th Cir.1977) (per curiam), this court discussed the four elements necessary to sustain a conviction for misprision of felony: (1) the principal committed and completed the felony alleged; (2) the defendant had full knowledge of that fact; (3) the defendant failed to notify the authorities; and, (4) the defendant took affirmative steps to conceal the principal's crime. "Mere knowledge of the commission of the felony or failure to report the felony, standing alone, is insufficient to support a conviction for a misprision of a felony." United States v. Goldberg, 862 F.2d 101, 104 (6th Cir.1988).
 
 
 26
 In Castaneda de Esper v. INS, 557 F.2d 79 (6th Cir.1977), this court held that misprision of felony is not a crime within the statute authorizing deportation:
 
 
 27
 We conclude that misprision of felony under 18 U.S.C. Sec. 4 is not itself a law "relating to ... narcotic drugs." The holding of the Board that misprision of the felony of conspiracy to possess narcotics is a crime "relating to" narcotics goes beyond what Congress has described as grounds for deportation of an alien in 8 U.S.C. Sec. 1251(a)(11). Misprision is not conspiracy. Petitioner pled guilty to misprision of felony, not to commission of the underlying conspiracy felony she concealed.
 
 
 28
 We decline to adopt an interpretation of the statute that would incorporate the conviction for misprision of felony into the underlying conspiracy which petitioner concealed, or to hold that petitioner is guilty of an offense "relating to ... narcotic drugs." If Congress had desired to include "misprision of" narcotics laws among the grounds for deportation under 8 U.S.C. Sec. 1251(a)(11), it could have included misprision along with conspiracy in the Narcotic Control Act of 1956.
 
 
 29
 Id. at 84 (footnote omitted).
 
 
 30
 In Castaneda de Esper, the immigration judge "determined that petitioner had not been convicted of participation in a conspiracy to possess heroin, but had been convicted of misprision of a felony in that she concealed the knowledge of the actual commission of a conspiracy to possess heroin." Id. at 80-81. Burman was convicted for possessing marijuana, not for concealing a crime committed by others--it is irrelevant to our determination that Burman did not physically possess the marijuana because constructive possession qualifies as possession under the laws of the United States.
 
 III.
 
 31
 In light of Burman's three controlled substance convictions and the governing immigration statute,[1] the Board properly denied the petitioner's application. We therefore AFFIRM.
 
 
 
 [1]
 The applicable statute provides:
 [A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of--
 (I) a crime involving moral turpitude (other than a purely political offense), or
 (II) a violation of (or a conspiracy to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),
 is excludable.
 8 U.S.C. Sec. 1182(a)(2)(A)(i).