MARTIN, Circuit Judge,
concurring:
The shocking events out of which this appeal arises were senseless and tragic. Dontae Morris’s June 29, 2010 murder of two police officers can only be characterized as a grave and unspeakable crime. But Courtnee Brantley, whose appeal we consider here, was never charged with those murders. That means our job is to evaluate her claims as they relate to the crime for which the jury convicted her— misprision of a felony in violation of 18 U.S.C. § 4. Specifically, we must determine “if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.” United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir.2009) (quotation omitted). Even viewing all of the .evidence in the light most favorable to the government and drawing all reasonable factual inferences in favor of the jury’s verdict, id. at 1284, I agree with what I gather to be the District Judge’s sense that Ms. Brantley’s is a close case. Ultimately, I reach the same conclusion as the majority — that there is sufficient evidence to support Ms. Brant-ley’s conviction. I write separately, however, because I do not share the majority’s view of the strength of the case against her.
As the majority notes, misprision of a felony is a rarely charged crime. In order to prove a violation of 18 U.S.C. § 4, the government must offer sufficient evidence to demonstrate: “(1) the principal committed and completed the felony alleged [here, the felony is Mr. Morris being a felon in possession of a firearm]; (2) the defendant had full knowledge of that fact; (3) the defendant failed to notify authorities; and *1278 (4) the defendant took steps to conceal the crime.” Baer v. United States, 722 F.3d 168, 176 (3d Cir.2013) (quotation omitted). On appeal, Ms. Brantley challenges only the fourth element, arguing that the government has not offered sufficient evidence to prove that she concealed Mr. Morris’s crime of being a felon in possession. This appeal concerns Ms. Brantley’s second trial, because her first jury could not unanimously agree to convict her.
As I’ve said, in order to convict Ms. Brantley of the crime of misprision of a felony, the government was required to prove that she took an affirmative step to conceal Mr. Morris’s crime of possessing a firearm as a convicted felon. See United States v. Johnson, 546 F.2d 1225, 1227 (5th Cir.1977). Our precedent is clear that “[tjhe mere failure to report a felony is not sufficient” to establish concealment. Id. At the same time, I am not aware of any binding precedent from our court holding that intent to conceal the commission of a felony from the government (without the carrying out of the corresponding act) is sufficient to prove this element. Cf. Neal v. US., 102 F.2d 643, 650 (8th Cir.1939) (“An intent to conceal from the government, if such intent existed, that is not carried out is not an offense under the statute.”). One of our sister Circuits has recognized that even knowing where a perpetrator is hiding and having conversations with him about how to escape is not sufficient, absent some positive act of concealment. Id.
In most misprision cases, a defendant’s affirmative act of concealment is readily apparent. This is true of the out-of-circuit cases the majority relies upon in support of Ms. Brantley’s conviction. In United States v. Davila, 698 F.2d 715 (5th Cir.1983),[1] the concealment element of misprision of a felony was met because Mr. Davila agreed to hold approximately $15,000 in payoff money in the service of the underlying conspiracy to suborn perjury. Id. at 718. In United States v. Stuard, 566 F.2d 1 (6th Cir.1977) (per curiam), the defendant’s actions of removing stolen whiskey from a truck, replacing it with sandbags, and driving the truck to another state were deemed sufficient affirmative acts to conceal the underlying theft. Id. at 1.[2] As the majority recognizes, receipt of or hiding evidence of a felony is typically sufficient to establish an affirmative act of concealment.
This case is not as clear. The majority holds that Ms. Brantley’s affirmative act of concealment was hiding her car after she left the scene of the crime. Specifically, the majority concludes that by hiding the car she was driving, Ms. Brantley concealed evidence that Mr. Morris committed the crime of being a felon in possession of a firearm. The District Court expressed dissatisfaction with this interpretation of the evidence in its well-reasoned Order denying Ms. Brantley’s motion for a judgment of acquittal. Although the question of whether Ms. Brantley concealed evi *1279 dence of a crime may seem simple, a closer look is necessary.
First, it is not readily apparent to me how Ms. Brantley’s automobile is evidence of Mr. Morris’s crime of being a felon in possession of a firearm. Mr. Morris’s gun was not in her car when she drove away. Neither did she flee with his ammunition. Nevertheless, the government asserts that the car was “evidence” of the underlying felony because police officers could have gleaned from her car a “scent sample” to aid their bloodhound in tracking Mr. Morris after his escape. I agree with the District Court that this argument strains credulity. The record before us contains no evidence that the police made any attempt to capture a scent sample even after recovering Ms. Brantley’s car, despite that Mr. Morris was still missing and it would still have been possible to do so. Despite this, the majority accepts without discussion that the car was an evidentiary link between Mr. Morris and his underlying crime of being a felon in possession of a firearm.
Second, this record reveals no evidence that Ms. Brantley had the required intent to conceal Mr. Morris’s felony at the time she drove away from the scene of the crime. Indeed, the government recognizes that Ms. Brantley “recoiled” after Mr. Morris shot the officers, and then “fled” the crime scene. Ms. Brantley’s reaction, then, was one of shock, rather than conscious reflection. There was no evidence offered at trial to prove that Ms. Brantley drove away from the scene of the crime with the intent to keep her car from the police officers’ bloodhounds.
Third, Ms. Brantley took no affirmative steps to conceal the car after communicating with Mr. Morris. It is important to carefully consider the sequence of events. First, immediately after the crime, there were three calls between Ms. Brantley and Mr. Morris, the content of which we don’t know. Next, Mr. Morris texted Ms. Brantley saying, ‘Tour ride dont need 2 be park by the spot neither,” to which she responded, “No. Still n here bt way round corner. I nd to move it sumwhere else tho.” She then pledged her loyalty to him.
But there is no evidence that Ms. Brant-ley then moved the car after sending these texts. Neither is there evidence that she tried to clean the car. Instead she stayed where she was (at her friend’s apartment complex) until the police found her there. It bears repeating that our Circuit has no rule allowing intent to conceal the commission of a felony, by itself, to support a conviction for misprision. See Neal, 102 F.2d at 650. The texts, which were not followed up with actions, do not prove that Ms. Brantley concealed evidence of Mr. Morris’s crime. And her declarations of loyalty do not alter this conclusion.
Finally, the only “affirmative act” we have to support the jury’s verdict is Ms. Brantley’s initial decision to park her car at a friend’s apartment complex, backing into the spot in a way that her missing license tag was hidden. Certainly, Ms. Brantley’s conduct in this regard could plausibly be interpreted as her intent to avoid the authorities. However, this cannot be the affirmative act that supports her conviction. Again, the “mere failure to report a felony is not sufficient to constitute a violation of 18 U.S.C.A. § 4.” Johnson, 546 F.2d at 1227. In fact, if Ms. Brantley had remained at the scene of the crime but refused to answer questions, she would not be guilty of misprision. It follows, therefore, that rendering herself unavailable for questioning cannot be the required affirmative act of concealment.
That said, Ms. Brantley faces a very tough standard in seeking to overturn the jury’s verdict. On appeal, we are required to construe all inferences in favor of the jury’s verdict. Having done so, I conclude *1280 that a reasonable factfinder could find that by parking her car the way she did, Ms. Brantley intended to conceal Mr. Morris’s murder of the two police officers. That murder, in turn, involved a firearm. A reasonable jury could find that Ms. Brant-ley surmised that the police were looking for a vehicle without tags, and with that in mind, • thought that concealing her vehicle would help Mr. Morris evade detection for having possessed the firearm he used to murder the officers. Mr. Morris told her that the car “dont need 2 be park by the spot neither.” And she assured him that it wasn’t — it was “way round corner.” Although no affirmative acts of concealment transpired after this text exchange, a reasonable factfinder could infer from her response that her earlier act of parking at her friend’s apartment complex was done with the required intent to conceal. On this narrow basis, I concur in the majority’s judgment that there is sufficient evidence to' support Ms. Brantley’s conviction.
The majority holds that the evidence adduced at trial amply supports the jury’s finding. The majority so holds despite the fact that this defendant did not conceal any fruit or instrumentality of the crime. In that way, I believe this case stands in stark contrast to the typical charge of misprision of a'felony. Nevertheless, the standard for a suffieieney-of-the-evidence claim places a heavy burden on a defendant: to prove that no rational factfinder could have found that the evidence established guilt beyond a reasonable doubt. Since I agree with the conclusion ultimately reached by the District Judge, that there is a reading of the evidence that supports the jury’s verdict, I concur in the Judgment of the majority.

. The majority also relies upon United States v. King, 402 F.2d 694 (9th Cir.1968). In that case, however, the Ninth Circuit held that the government had not offered sufficient evidence to prove the defendant's intent to conceal the underlying crime of bank robbery. Id. at 697. Even though the defendant received some of the proceeds from the robbery, the government had offered "no testimony indicating that a purpose of defendant in receiving the money was to hide it for the principals, or to otherwise conceal information about the crime.” Id. at 696. This case does not support Ms. Brantley's conviction. Rather, it highlights the government's burden to offer evidence proving a defendant’s intent to conceal the underlying felony.